# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND
## RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Agreement") is made and entered into as of this 16th day of January, 2018, (the "Effective Date"), by and between Emily Fuller ("Plaintiff"), on the one hand, and American Honda Motor Co., Inc. ("Honda"), on the other hand. For the purposes of this Agreement, Plaintiff and Honda are each referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.  On August 29, 2017, Plaintiff commenced the action entitled *Emily Fuller v. American Honda Motor Co., Inc.*, Case No. 1:17-cv-23267-RNS (the "Action"), in the United States District Court for the Southern District of Florida (the "District Court"), alleging claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 *et seq.* (the "ADA"), and for trespass against personal property, based upon the alleged failure by Honda to maintain the website http://shop.honda.com (the "Website") in a manner or condition that makes it accessible to individuals with disabilities.

B.  Honda disputes all of the claims and allegations set forth in the Action and has denied and continues to deny that it has violated the ADA, committed any act of trespass, or violated any other law, that it has any liability to Plaintiff for any claims asserted as of the Effective Date or otherwise, and that Plaintiff is entitled to an injunction or any other form of relief against Honda based on any matter referenced in the Action or this Agreement.

C.  Solely to avoid the risk, uncertainty, inconvenience, delay and expense of litigation, the Parties wish to fully and finally settle any and all claims asserted by Plaintiff, or that can be or could have been asserted by Plaintiff, under the ADA or under any other federal, state or local statute, regulation, rule or other law prohibiting discrimination on the basis of disability or concerning the accessibility of any public accommodations or business establishments to individuals with disabilities (collectively, the "Disability Access Laws"), as well as any and all claims relating to the Website, as set forth and under the terms in this Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing Recitals, the mutual promises, covenants, and undertakings contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.  Recitals

    The aforementioned Recitals are incorporated into this Agreement as if set forth fully herein.

2.   Settlement Consideration

    A.   Within ten (10) days of (i) the full execution of this Agreement, and (ii) counsel for Honda (Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 701 Brickell Ave., Suite 1600, Miami, Florida 33131) receiving completed Forms W-9 from Plaintiff and her counsel, The Law Office of Pelayo Duran, P.A. ("Plaintiff's Counsel"), Honda shall pay to Plaintiff and Plaintiff's counsel the total sum set forth in a separate addendum by and between the Parties (the "Settlement Payment"), in the form of a check made payable to Plaintiff, and a check made payable to Plaintiff's Counsel, "Law Office of Pelayo Duran, P.A., Trust Account." The Settlement Payment addresses all claims which were raised, or should have been raised, or could have been raised in the Action and is inclusive of all Plaintiff's attorneys' fees, court costs, general releases, confidentiality clauses, associated expenses, and damage claims. The Settlement Payment shall be delivered to Plaintiff's Counsel located at 4640 NW 7 Street Miami, Florida 33126.

    B.   The Parties agree that Honda will issue a 1099-MISC form to Plaintiff and/or Plaintiff's Counsel as required by and in accordance with applicable law. The Parties further agree that Plaintiff and Plaintiff's Counsel shall be solely responsible for any and all federal, state and local taxes due on their respective portions of the Settlement Payment, and that Plaintiff and Plaintiff's Counsel each specifically agree to indemnify and hold Honda harmless for and from any and all claims involving federal, state or local taxes resulting from or relating to the Settlement Payment. The Parties and Plaintiff's Counsel further agree that Honda has had and shall have no involvement in or responsibility or liability for any allocation, handling, treatment or receipt of the Settlement Payment by or between Plaintiff and Plaintiff's Counsel.

    C.   By June 18, 2019, Honda shall use good faith efforts to cause all portions of the Website that are covered by Title III of the ADA to substantially conform to the Web Content Accessibility Guidelines 2.0, Level A and Level AA Success Criteria (the "WCAG 2.0"), subject to feasibility and undue expense. Should the Department of Justice, Congress, the United States Supreme Court, or a United States Circuit Court issue any final regulations, statute, ruling, opinion, instruction or other official pronouncement (as applicable) establishing or setting forth a standard regarding accessibility of the Website that is different from the WCAG 2.0 or otherwise limits the coverage of Title III requirements regarding websites of public accommodations, Honda shall have the option of substantially complying with such standard or such limited requirements in its sole and absolute discretion. Notwithstanding the foregoing, Third-Party Content (as defined below) on the Website will not be required to conform to the WCAG 2.0. (The term "Third-Party Content" refers to web content that is not developed or owned by Honda.) The Parties further agree that the Website may contain links to Third-Party Websites (as defined below), and Honda shall not be responsible or liable for the state of accessibility of such Third-Party Websites. (The term "Third-Party Websites" refers to websites that are not developed, owned or operated by Honda.) If the ability of Honda to meet the deadline for compliance within this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of the reasonable control of Honda, the Parties' respective counsel shall meet and confer for a period of not less than twenty-one (21) days regarding an extended deadline. If the Parties cannot reach agreement regarding an extended deadline after such meet-and-confer process has concluded, either Party will have the right to seek judicial relief.

3.   Release of Claims and Dismissal of Action

   A.   Upon execution of this Agreement, Plaintiff, on her own behalf, and on behalf of her respective agents, representatives, heirs, spouse, grantees, executors, administrators, devisees, trustees, successors, assigns, assignors, attorneys, and any other entities in which Plaintiff has an interest (collectively, the "Releasing Parties"), hereby agrees to release and forever discharge Honda and any and all past and present shareholders, owners, principals, members, directors, officers, employees, agents, independent contractors, representatives, attorneys, accountants, advisors, consultants, insurers, receivers, partners, partnerships, joint venturers, joint ventures, parent corporations, subsidiaries, affiliates, assigns, successors, predecessors in interest, commonly-controlled corporations and any other individual or entity acting or purporting to act in concert with or on behalf of Honda with respect to the matters alleged in the Action or set forth in this Agreement (collectively, the "Released Parties") from any and all liabilities, causes of action, suits, actions, charges, complaints, obligations, losses, injuries, damages, rights, judgments, attorneys' fees, expenses, costs, penalties, fines, and all other legal responsibilities or claims of any form whatsoever, whether known or unknown, presently existing or arising in the future, suspected or unsuspected, or fixed or contingent, including those arising under any theory of law, whether common law, constitutional, statutory or other, of any jurisdiction, foreign or domestic, whether in law or in equity, which the Releasing Parties or any of them now have, ever had, or may claim to have against any of the Released Parties as of the Effective Date arising out of or relating to any of the following matters: (i) the Website; (ii) any of the matters alleged in the Action (including, without limitation, any claims, events, conditions or matters alleged in the Complaint in the Action); (iii) any violation of any of the Disability Access Laws based on any claims, events, conditions or other matters occurring prior to the Effective Date; or (iv) any costs, attorneys' or expert fees, or expenses incurred or to be incurred by the Releasing Parties in connection with the Action or this Agreement (collectively, the "Released Claims"). Plaintiff, on behalf of herself and the Releasing Parties, hereby acknowledges and agrees that, except as expressly set forth in this Agreement, the Released Parties have no other liabilities or obligations, of any kind or nature, owed to the Releasing Parties, in connection with or relating to the Released Claims or otherwise.

   B.   Plaintiff acknowledges that she may hereafter discover facts different from, or in addition to, those which she now believes to be true with respect to the Released Claims above. On her own behalf and on behalf of all of the Releasing Parties, Plaintiff agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Agreement contemplates the extinguishment of all such Released Claims. By executing this Agreement, Plaintiff acknowledges the following: (i) she is represented by counsel of her own choosing; (ii) she has read and fully understands the provisions of this Agreement; and (iii) she has been specifically advised by counsel of the consequences of the above release and this Agreement generally.

   C.   Within two (2) business days after the Parties have fully executed this Agreement and Honda has delivered the Settlement Payment to Plaintiff as required in Section 2(A) above, Honda shall file the Stipulation of Dismissal in the form attached as Exhibit "A" to this Agreement (the "Stipulation of Dismissal"), which provides that (i) the Action shall be dismissed with prejudice as to all claims alleged by Plaintiff, with the Court to retain jurisdiction over the Parties for the sole purpose and for only the time period necessary for implementation of the provisions of Section 2(C) above, and (ii) that each Party shall bear his or its own attorneys' fees and costs.

   D.   Plaintiff agrees not to sue or file a charge, complaint, grievance, demand, or other proceeding against any of the Released Parties in connection with the Released Claims in any forum or

assist or otherwise participate willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to any matter that involves the Released Claims or similar claims, unless it has complied with section 2(C) above requiring the parties to meet and confer for a period of not less than twenty-one (21) days regarding an extended deadline or if required to do so by court order, subpoena or other directive by a court, administrative agency, arbitration panel or legislative body, or unless to otherwise required to enforce this Agreement. To the extent any such claim, arbitration, suit, action, investigation or other proceeding may be brought by a third party, Plaintiff expressly waives any claim to any form of monetary or other damages sought by such third party, or any other form of recovery or relief in connection therewith, except for any statutorily required witness fees.

E. In the event that after June 18, 2019, Plaintiff believes that any feature of or any means of accessing the Website constitutes a violation of the accessibility requirements of the ADA or any other Disability Access Laws, Plaintiff shall: (i) provide written notice to Honda of the claimed violation(s); and (ii) allow Honda sixty (60) days thereafter to cure such alleged violation(s), during which time the parties shall engage in good faith discussions regarding the claimed violation(s). The Parties agree that Plaintiff's "written notice" to Honda need only identify the alleged violation(s) (e.g., describe the page, content or portion of the Website that Plaintiff is unable to access or navigate, or otherwise describe the problem that Plaintiff is having with the Website) and that no expert opinion or formal report is required. Any "written notice" shall not be deemed insufficient on the grounds that it does not contain an expert opinion or report, or that it does not describe the underlying software, coding, or other technical issue requiring expertise beyond a layperson's experience. Plaintiff may not institute any legal action or proceeding against Honda or any of the Released Parties based on any accessibility issues concerning the Website until (i) after June 18, 2019, and (ii) Plaintiff has complied fully with this Section 3(E).

4. Mutual Confidentiality

A. The Parties and their respective counsel expressly agree to keep the terms and existence of this Agreement, and all information, documents and things exchanged during settlement negotiations leading up to this Agreement (collectively, the "Confidential Information"), strictly confidential and shall not reveal any Confidential Information or the names of the Parties to this Agreement to any other person or entity, except: (i) pursuant to judicial order or legal process; (ii) as is reasonably necessary to be disclosed to their respective spouse, accountants, tax advisors and attorneys (provided such recipients are notified of the confidentiality obligations required under this Section 4 and agree to ensure that Confidential Information is not disclosed in violation of the terms of this Agreement); (iii) in any dispute between any of the Parties or their counsel; (iv) as necessary to effectuate the terms of this Agreement; and (v) as necessary for Honda to prove, in response to any claims or complaints or any threatened claims or complaints concerning or relating to the Website, that Honda has committed to perform the remediation described in Section 2(C) above. The Parties and their respective counsel agree that if they are required by judicial order or legal process to disclose any Confidential Information to any individual or entity (other than the individuals or entities to whom disclosure is permitted in accordance with the preceding sentence), they will provide the non-disclosing Party with at least ten (10) business days' notice prior to the required disclosure so that it may seek an appropriate protective order or other appropriate relief.

B. The Parties and their respective counsel expressly acknowledge and agree that the confidentiality obligations set forth in this Section 4 are material to this Agreement. Furthermore, the Parties and their respective counsel expressly acknowledge and agree that the disclosure of Confidential Information as prohibited by this Section 4 would cause immediate and irreparable injury for which

-4-

money damages would be an inadequate remedy, and that injunctive relief, as provided for under applicable law or equity, without any requirement to post any bond or other security, in the event of any such violation would be proper. Injunctive relief will not be deemed the exclusive remedy for any such violation, but will be in addition to all other remedies available under applicable law or equity.

5.  No Admission of Fault or Liability

It is expressly understood and agreed that this Agreement and the performance by any Party of its obligations herein, including the payment of the Settlement Payment by Honda, are for the purpose of compromising and resolving disputed claims, and that this Agreement shall not be offered, cited, deemed or construed in any way as an admission of liability, fault or wrongdoing by any Party, with liability, fault and wrongdoing being expressly denied by each Party.

6.  Investigation

Each of the Parties has made such investigation of the facts pertaining to this Agreement, as deemed necessary. The Parties understand that facts with respect to the matters covered by this Agreement might be found hereafter to be different from the facts now believed to be true, and each Party expressly accepts and assumes the risk of such possible additional or different facts and agrees that this Agreement shall be and remain effective notwithstanding such additional or different facts.

7.  Integration Clause

This Agreement contains the entire agreement of the Parties concerning the subject matter of this Agreement and supersedes any and all prior and contemporaneous written or oral representations, agreements, arrangements or understandings among them concerning such subject matter. There are no representations, agreements, arrangements or understandings, oral or written, among the Parties or counsel relating to the subject matter of this Agreement that are not fully expressed in this Agreement.

8.  Consultation with Counsel

The Parties represent and warrant that they have presented their respective counsel with this Agreement, that their respective counsel have had the opportunity to review this Agreement and that they are executing this Agreement of their own free will after having received advice from their respective counsel regarding this Agreement.

9.  Governing Law

This Agreement shall be governed by, interpreted and construed pursuant to the laws of the State of Florida, without giving effect to any conflicts of law principles.

10. Disputes and Enforcement

The Parties agree that they will work cooperatively to resolve any issues, concerns, and/or disputes regarding the Parties' respective obligations under this Agreement.

11. Severability

If any one or more of the provisions of this Agreement should be ruled wholly or partly invalid or unenforceable by a court or other government body of competent jurisdiction, then: (i) the validity and enforceability of all provisions of this Agreement not ruled to be invalid or unenforceable shall be unaffected; (ii) the effect of the ruling shall be limited to the jurisdiction of the court or other government body making the ruling; (iii) the provision(s) held wholly or partly invalid or unenforceable shall be deemed amended, and the court or other government body is authorized to reform the provision(s), to the minimum extent necessary to render them valid and enforceable in conformity with the Parties' intent as manifested herein; and (iv) if the ruling and/or the controlling principle of law or equity leading to the ruling is subsequently overruled, modified, or amended by legislative, judicial, or administrative action, then the provision(s) in question as originally set forth in this Agreement shall be deemed valid and enforceable to the maximum extent permitted by the new controlling principle of law or equity.

12. No Waiver

The failure of any Party to insist upon compliance with any of the provisions of this Agreement or the waiver thereof, in any instance, shall not be deemed or construed as a waiver or relinquishment by such Party of such provision in any other instance or as a waiver or relinquishment by such Party of any other provision of this Agreement.

13. Modification and Amendment

This Agreement may not be waived, altered, amended or repealed, in whole or in part, except upon written agreement executed by all Parties.

14. No Reliance

Each of the Parties represents and warrants that, except for the representations and warranties specifically set forth in this Agreement, in executing this Agreement, they do not rely, and have not relied, on any representation or statement made by any other Party to this Agreement, any representation or statement made by anyone acting on behalf of any Party to this Agreement, or any representation or statement made by any other person.

15. No Assignment or Transfer of Claims

Plaintiff represents and warrants that: (i) she owns the Released Claims; (ii) no other person or entity has any interest in the Released Claims; (iii) she has not sold, assigned, conveyed or otherwise transferred any Released Claim or demand against Honda, or any Released Claim or demand against any of the other Released Parties; and (iv) she has the sole and exclusive right to settle and release such Released Claims. Plaintiff represents and warrants that to the best of her knowledge, information and belief, (i) she has no actual or potential claims against Honda and/or the Released Parties that are not included in the Released Claims and (ii) she has no knowledge of any pending, threatened or potential claims against Honda and/or the Released Parties. All of the terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, successors and assigns.

16. Each Party to Bear Its Own Attorneys' Fees, Costs and Expenses

Except as expressly provided for herein, each Party shall bear its own attorneys' fees, costs and expenses incurred in relation to the Action and the claims described in the Action and in the preparation of this Agreement.

17. Multiple Counterparts

This Agreement may be executed in counterparts, each of which may be executed and delivered via facsimile or PDF electronic delivery with the same validity as if it were an ink-signed document and each of which shall be effective and binding on the Parties as of the Effective Date. Each such counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one and the same Agreement.

18. Authority of Signatories

Each of the signatories to this Agreement represents and warrants that he/she/it is duly and fully authorized to act for the Party on whose behalf he/she/it signs this Agreement and that any and all required consents, authorizations or approvals have been obtained by or on behalf of such Party.

19. Construction

Each Party hereto has participated and cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any Party on the ground that said Party drafted this Agreement.

20. Representation/Warranty Regarding Other Potential Plaintiffs or Legal Claims

Plaintiff and Plaintiff's Counsel each represent and warrant that she/it has not disclosed or revealed the existence of the Agreement or the contents thereof to any potential plaintiff or potential putative class member other than Plaintiff, or to any attorney generally engaged in representing persons with disabilities in individual or class action litigation under the Disability Access Laws. Plaintiff and Plaintiff's Counsel each represent and warrant that neither of them have any knowledge of any current or prospective clients who presently have claims against the Released Parties based on the accessibility of the Website.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF, the undersigned Parties do hereby execute this Agreement as of the Effective Date.

EMILY FULLER

*Emily Fuller* 12/23/17

AMERICAN HONDA MOTOR CO., INC.

*thomas Peyton*
By: Thomas Peyton
Its: AVP- Marketing Operations

APPROVED AS TO FORM AND AGREED AS APPLICABLE:

RODERICK V. HANNAH, ESQ., P.A.
LAW OFFICE OF PELAYO DURAN, P.A.
Attorneys for Plaintiff

By: Roderick V. Hannah, Esq.

By: Pelayo M. Durán, Esq.

APPROVED AS TO FORM AND AGREED AS APPLICABLE:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Attorneys for American Honda Motor Co., Inc.

By: Paul J. De Boe, Esq.

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-23267-SCOLA/TORRES

EMILY FULLER,

      Plaintiff,

v.

AMERICAN HONDA MOTOR CO. INC.,

      Defendant.
_____/

### JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Emily Fuller and Defendant American Honda Motor Co., Inc., by and through their respective counsel of record herein, hereby stipulate, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), that:

1. The parties, having completed a settlement of this matter, agree and request that the Court order the DISMISSAL of this action, with prejudice, with the Court to retain jurisdiction over the parties and the action for the sole purpose of, and, and for only the time period required for, enforcement of the parties' obligations under Section 2(C) of the Parties' Settlement Agreement and Release of Claims.

2. Attached to this Stipulation as Exhibit "A" is a true and correct copy of the parties' Settlement Agreement and Release of Claims.

3. Each party shall bear his or its own costs and fees, including attorneys' fees, incurred with this action.

4. The effectiveness of this stipulation is conditioned on the Court's entry of an order

retaining jurisdiction. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

Respectfully submitted,

Roderick v. Hannah, Esq., P.A.
8751 W. Broward Blvd., Ste. 303
Plantation, FL 33324
Telephone: 954.362.3800
Facsimile: 954.362.3779

*s/ Roderick Hannah*
Roderick V. Hannah, Esq.
Florida Bar No. 435384
rhannah@rhannahlaw.com

Law Office of Pelayo Duran, P.A.
4640 N.W. 7th Street
Miami, FL 33126-2309
Telephone: 305.266.9780
Facsimile: 305.269.8311

*s/ Pelayo Duran*
Pelayo M. Duran, Esq.
Florida Bar No. 0146595
pduran@pelayoduran.com

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, FL 33131
Telephone: 305.374.0506
Facsimile: 305.374.0456

*s/ Paul De Boe*
Paul J. De Boe, Esq.
Florida Bar No. 52051
paul.deboe@ogletreedeakins.com